# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0585
LT Case No. 2019-CF-004195-A

_____

MIKEL SHAWN KING,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Anthony M. Tatti, Judge.

Matthew J. Metz, Public Defender, and Judson Searcy, Assistant
Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell E.
Sanders, Assistant Attorney General, Daytona Beach, for
Appellee.

November 15, 2024

SOUD, J.

Appellant Mikel Shawn King appeals the trial court's
revocation of his probation and resulting prison sentence imposed
upon him as a violent felony offender of special concern. We have
jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P.

9.030(b)(1)(A). We affirm the trial court's judgment and sentence but remand for entry of a written order setting forth its findings regarding whether King, as a violent felony offender of special concern, poses a danger to the community, as required by section 948.06(8)(e), Florida Statutes (2023).

## I.

In November 2021, King pleaded guilty to a third-degree felony robbery by sudden snatching and was sentenced to three years in the Florida state prison system followed by two years of probation. After his release from prison, King was alleged to have violated numerous conditions of his probation. Ultimately, King admitted to violating certain of those conditions and was sentenced to 91.2 months in state prison, as required by the sentencing guidelines. The court also imposed the $100 cost of prosecution contemplated by section 938.27, Florida Statutes.

Pertinent here, during the hearing in which King admitted his violation of probation and was sentenced, the trial court noted King's prior record, which includes five prior armed robberies, and the prior sentence imposed in 2021 for King's robbery by sudden snatching. The trial court noted that because of King's prior record, his status as a violent felony offender of special concern is "a statutory requirement. He's got five prior robberies. He is the definition of a violent felony offender of special concern." The sentencing guidelines scoresheet also reflects the sentence is in part calculated based upon King's status as a violent felony offender of special concern. In toto, the record seems to make clear that the trial court believed King poses a danger to the community and was a "terrible" candidate for probation.

After concluding the hearing, the trial court did not enter a written order with its findings concerning whether King poses a danger to the community. This appeal followed.

## II.

King argues that the trial court erred in two ways: (i) by failing to enter a written order as to whether King, as a violent felony offender of special concern, poses a danger to the community, as required by section 948.06(8)(e), Florida Statutes;

2

and (ii) by imposing the $100 cost of prosecution in the absence of a request from the State Attorney's office. The State concedes error on the first issue.[*]

When a trial court imposes a sentence upon a violent felony offender of special concern after determining the offender has violated probation, Florida law mandates:

> If the court . . . determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court *shall*:
>
> 1.   Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community. In determining the danger to the community posed by the offender's release, the court *shall* base its findings on one or more of the following:
>
> a.   The nature and circumstances of the violation and any new offenses charged.
>
> b.   The offender's present conduct, including criminal convictions.
>
> c.   The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.
>
> d.   The weight of the evidence against the offender.

---

[*] We affirm the trial court's imposition of $100 cost of prosecution. *See O'Malley v. State*, 378 So. 3d 672, 673–74 (Fla. 5th DCA 2024).

3

e. Any other facts the court considers relevant.

§ 948.06(8)(e)1.a.–e., Fla. Stat. (emphasis added). Thus, the statute plainly *requires* the entry of a written order by the trial court setting forth its findings when considering whether a violent felony offender of special concern poses a threat to the community's safety. *See Barber v. State*, 207 So. 3d 379, 384 (Fla. 5th DCA 2016); *see also McCray v. State*, 282 So. 3d 158, 162 (Fla. 2d DCA 2019).

## III.

Accordingly, we AFFIRM the revocation of King's probation and the sentence imposed upon him as a violent felony offender of special concern.

However, because section 948.06(8)(e) requires the trial court to enter a written order setting forth its findings regarding whether King, as a violent felony offender of special concern, poses a danger to the community, we REMAND for the trial court to enter such a written order.

It is so ordered.

MACIVER and PRATT, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––